IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARLA F. DUNLAP | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:13-CV-802-O |
| | § |
| CITY OF FORT WORTH | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant City of Fort Worth's Motion to Dismiss or For More Definite Statement [doc. # 12], filed February 28, 2014. In its motion, Defendant requests that the case be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) because: "(1) Plaintiff's attempted service was insufficient and therefore the Court lacks personal jurisdiction over the City and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted." (Defendant's Motion to Dismiss ("Def.'s Mot.") at 1.)

As to *pro se*[1] Plaintiff Carla Dunlap ("Dunlap")'s attempted service, Defendant states that on February 10, 2014, "the City's Legal Department received the following documents together in an envelope which indicated that it had been mailed by Dunlap: (1) a copy of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission and addressed to Carla F. Dunlap, (2) a copy of a Charge of Discrimination filed on behalf of Carla F. Dunlap, (3) a document titled 'Investigation Complaint Against the City of Fort Worth -- Human Resources Department and Police Department's Management Teams -- Identification Bureau and Records Division' which appears to contain some pages from a summary of factual allegations against the City and others, and (4) a copy of the civil cover sheet related to this case."

---

[1] The Court notes that the fact that Plaintiff is proceeding *pro se* does not exempt her from complying with the rules of service. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

In addition, the Court notes that in an order dated February 3, 2014, the Court, noting that more than 120 days had passed since Dunlap filed the original complaint and that no proof of service on Defendant was on record in the cause, ordered Dunlap to file either proof of proper service as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause why such proof could not be filed. In response to the Court's order, Dunlap, on February 13, filed a copy of the front and back copy of a United States Postal Service return receipt form. The front of the return receipt form, which was not signed, indicates that the above-referenced envelope was sent via certified mail and addressed to the "City of Ft. Worth—Legal Dept., 1000 Throckmorton, Ft. Worth, TX 76102." The back of the return receipt shows that it was returned to Carla Dunlap, 3451 River Park Dr. 2725, Ft. Worth, TX 76116. Dunlap also filed a copy of a "Product Tracking System" report printed off the internet that indicates that such envelope was delivered on February 10, 2014 and that an individual named "McFarias" at 1000 Throckmorton signed for such envelope.

Defendant argues that Plaintiff's attempted service "was insufficient to invoke the Court's jurisdiction because no summons was included with the various documents received and service on the City Attorney was not proper." (Def.'s Mot. at 2.) In addition, Defendants claim that the attempted service on the Fort Worth City Attorney fails to invoke the Court's jurisdiction over the City of Fort Worth because a "municipal corporation must be served by delivering a copy of the summons and the complaint to the entity's chief executive officer or by serving the mayor, clerk, secretary, or treasurer." (Def.'s Mot. at 3.)

Federal Rule of Civil Procedure ("Rule") 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff,' or the lack of delivery of the summons and complaint" and authorizes the court to dismiss a case for insufficient service of process." *Cunningham v. Burns,*

No. 3:12-CV-1824-L, 2013 WL 4505157, at *2 (N.D. Tex. Aug. 23, 2013) (quoting *Tinsely v. Comm'r of I.R.S.*, 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998)); *see Wheeler v. Ceniza*, No. 3:12-CV-1898-L, 2013 WL 1091242, at *3 (N.D. Tex. Mar. 15, 2013). "Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Winegarner v. Cinemark USA*, No. 3:08-CV-2232-N, 2009 WL 3199508, at *3 (N.D. Tex. Oct. 5, 2009) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987)). "Where the validity of service is challenged under Rule 12, the plaintiff bears the burden to establish validity of service." *Tinsely*, 1998 WL 59481, at *3. The Court, in making a determination on the validity of service "must look outside the complaint to determine what steps, if any, the plaintiff took to effect service." *Morris v. Liberty Mut. Ins. Co.*, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009).

"For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4." *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4). When a defendant is a local government, as in this case, Rule 4(j)(2) permits service by either delivering a copy of the summons and complaint to its chief executive officer or by serving a copy of the summons and complaint "by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Section 17.024(b) of the Texas Civil Practice and Remedies Code provides that "[i]n a suit against an incorporated city, town, or village, citation may be served on the

mayor, clerk, secretary, or treasurer." Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (West 2008).

As relevant here, pursuant to Texas Rule of Civil Procedure ("Texas Rule") 106, process may be served by any person authorized by Rule 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. Rule 103 also states that service by certified mail must be effected by the clerk of the court, if requested, and that "no person who is a party to or is interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103; *see also* Fed. R. Civ. P. 4(c)(2). "Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized person in Rule 103 can serve process by certified mail." *Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054017, at *3 (N.D. Tex. June 18, 2013) (citing *Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at *1-2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.*, No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010)).[2] When an authorized individual serves a defendant on behalf of a plaintiff using certified mail, Texas law mandates that the return receipt be signed by the addressee. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F.

---

[2] The Court notes that there is some conflicting authority regarding the interpretation of who is an authorized person in Rule 103 that can serve process by certified mail. *See, e.g.*, *Delta Steamships Lines v. Albano*, 768 F.2d 728, 729 (5th Cir. 1985) (explaining that Texas law empowers the sheriff, constable, and clerk of court to serve process); *Mori Seike USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2007 WL 2984658 (N.D. Tex. Oct. 12, 2007) (recognizing conflicting authority); *Kleppinger v. Assocs. Corp. of N. America*, No. 3:99-CV-1662-L, 2003 WL 22329032, at *2-3 (N.D. Tex. Oct. 6, 2003) (observing that under Rule 106(a)(2), only the clerk of the court may serve process by certified or registered mail)).

App'x 432, 434 (5th Cir. 2010); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2011, pet denied).

In this case, the evidence indicates that Plaintiff attempted service on the Defendants via certified mail. For Dunlap's certified mail service of process to be valid, a copy of the summons and complaint must have been sent by an authorized uninterested party and served on the mayor, clerk, secretary, or treasurer. *See* Tex. R. Civ. P. 103, 106(a)(2); Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (West 2008). However, in this case, there is no evidence that an authorized uninterested party mailed a copy of the complaint **and** summons. Instead, the evidence indicates that Dunlap, the plaintiff, mailed the complaint, without a copy of the summons. In addition, there is no evidence that the service of process was served on the mayor, clerk, secretary or treasurer as the envelope was addressed to the City of Fort Worth's "legal department," the return receipt was not signed, and there is no evidence relating to the identity of "McFarias," who signed the Product Tracking Report. *See Byrum v. City of Plano*, No. 4:11-CV-60, 2012 WL 830714, at *2 (E.D. Tex. Feb. 3, 2012) ("Proper service cannot be made by serving another city employee[] or by failing to name an officer and just address the "City of Plano."); *Skaggs v. City of Keller*, 880 S.W.2d 264, 266 (Tex. App.—Fort Worth 1994, writ denied) (stating that service on the city attorney is not proper as to the city). As noted above, the fact that the Defendant may have received notice of this civil action is insufficient for service of process. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). Consequently, the Court concludes that Dunlap has failed to establish service of process on Defendants that complies with the Federal and Texas Rules of Civil Procedure. Because service of process is improper, the Court cannot exercise personal jurisdiction over Defendants. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Now that the Court has determined that service was not proper, the Court must now decide whether dismissal is warranted. "If a plaintiff has not effected proper service within 120 days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service." *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09-CV-627, 2010 WL 2901871, at *4 (E.D. Tex. June 30, 2010) (citing Fed. R. Civ. P. 4(m)). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Because the Court has previously notified Dunlap that she needed to file **proper** proof of service, which she failed to do, and Dunlap has wholly failed to respond to the Defendant's motion to dismiss, the Court recommends that Defendant's Motion to Dismiss be **GRANTED** and the above-styled and numbered cause be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(5). Because the Court is recommending dismissal for insufficient service of process, the Court will not consider the other bases of dismissal raised by the Defendant.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error

or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 21, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 7, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv